ELLEN REAGAN, administratrix, *vs.* UNION MUTUAL LIFE INSURANCE COMPANY.

Bristol.    October 25, 1910. — November 22, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Exceptions, Judge's charge.    *Insurance,* Life.    *Fraud.    Conflict of Laws.    Evidence,* Opinion: experts.    *Words,* " And."

If a presiding judge makes a ruling at the request of the defendant in an action and the jury return a verdict for the plaintiff, the defendant cannot complain of the ruling made at his request; nor can he complain of other rulings, which, although not made at his request, were too favorable to him upon the theory of the ruling which he requested.

The inadvertent use of the word " and " instead of the word " or " between two propositions by a presiding judge in his charge to the jury, affords no ground for exception, if the judge's repeated use of the word " or " in the same connection

in other parts of his charge must have made it plain to the jury that only one of the two propositions need be established for the purpose in question.

In an action on a policy of life insurance, where the defendant relies on the defense that the policy was obtained by fraud on the part of the insured, if the contract of insurance is governed by the law of another State, and no evidence in regard to the law of that State is introduced at the trial, although the common law of the other State will be assumed to be the same as that of Massachusetts, the provision of R. L. c. 118, § 21, that a misrepresentation made by the insured will not avoid the policy unless it was made with actual intent to deceive or increased the risk of loss, has no application, and the provision of § 73 of the same chapter, that a part of an application of the insured referred to in the policy of which no copy is attached to the policy shall not be received in evidence, also is inapplicable ; whereas, if the contract contained in the policy is governed by the law of this Commonwealth, both of those provisions apply. In such an action the presiding judge instructed the jury that the contract of insurance was made in another State, and, although this instruction probably was erroneous, no exception was taken to it and both parties appeared to acquiesce in it. After a verdict for the plaintiff the defendant alleged exceptions, by which it appeared that, whichever law governed the contract, the rulings of the judge were too favorable to the defendant, so that whatever errors the instructions of the judge might have contained in regard to the provisions of the statutes mentioned above, the defendant could not have been prejudiced by them.

In an action on a policy of life insurance, where the defense relied upon is that the policy was procured by fraud of the insured, a witness, qualified as a medical expert, who had seen the insured for a number of years and treated him at a hospital, cannot be asked the question, " Taking into consideration the condition in which you found [the insured] in March, 1901, taking into consideration what he told you about the previous history of the case, whether in your opinion he would have been insurable in October, 1900 ? " Because the fact that the witness is an expert in matters pertaining to his profession does not qualify him as an expert in the business of insurance so that he can tell in reference to different physical conditions when a man would be insurable.

CONTRACT by the administratrix of the estate of Michael H. Sullivan on a policy of insurance on the life of the plaintiff's intestate. Writ dated August 14, 1903.

In the Superior Court this case first was tried before *White*, J., who ordered a verdict for the plaintiff and reported the case for determination by this court of the question whether under a policy containing the clause which is quoted in the opinion the evidence of fraud which was offered by the defendant was admissible. In a decision, reported in 189 Mass. 555, this court held that the evidence offered by the defendant should have been admitted, and in accordance with the terms of the report ordered that the verdict should be set aside.

There was a new trial before *Stevens*, J., at which the jury

returned a verdict for the plaintiff in the sum of $1,470.   The defendant alleged exceptions. raising the questions which are considered in the opinion.

One of the exceptions, mentioned at the end of the opinion, was as follows: Dr. Albert C. Dedrick, called as a witness by the defendant, testified that he had practised medicine in Fall River for twenty-one years, that he was the president of the board of examiners in Fall River for the army and navy, that he formerly examined for the New England Mutual Life Insurance Company, and was at present the local examiner for the Phoenix Life Insurance Company and for two assessment orders, that he had seen the insured for a number of years and had treated him at the city hospital.   This witness was asked by the defendant the following question: "Taking into consideration the condition in which you found Michael H. Sullivan in March, 1901, taking into consideration what he told you about the previous history of the case, whether in your opinion he would have been insurable in October, 1900 ?"   The judge excluded the question, and the defendant excepted.

The first part of the judge's charge to the jury was as follows:

"This . . . is an action of contract.   The plaintiff says that her intestate made a contract with the defendant company by virtue of which the defendant insured his life for the amount of $1,000.   That policy was afterwards assigned to her, and she has a beneficial interest in it, and he claims under that assignment, but she properly brings this action as administratrix of his estate.

"Now, your attention has been called to the provision in this policy as to its incontestability.   'This policy is incontestable from the date of issue for any cause, except non-payment of premium.'   Well, with that provision in the policy, gentlemen, you very naturally would ask yourself the question, why is any defense made here?   It is for this reason.   That provision is contrary to the policy of the law, and it is void.   The courts will not sustain that provision in the policy, and for that reason notwithstanding it was made by the company it is a provision by which they are [not] legally bound.

"The defense in this case is that certain misrepresentations were made by Michael H. Sullivan at the time when he made

his application for insurance, or at the time when he was examined by the examining physician for the defendant company, and in its answer it sets up various causes of defence. It is alleged here that misrepresentations were made, and that this was a fraudulent policy, and never took effect because those misrepresentations were made, and that by virtue of those misrepresentations the defendant company was induced to enter into that contract.

"The burden is upon the defendant to establish that fact, to establish the fact that misrepresentations were made. If you find that misrepresentations were made; — and the law in relation to that I want to read to you — 'No oral or written misrepresentation or warranty made in the negotiation of a contract or policy of insurance by the assured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive or unless the matter misrepresented or made a warranty increased the risk of the loss.' So in relation to these misrepresentations, gentlemen, if they were misrepresentations, there are two questions before you. In the first place were they false misrepresentations, misrepresentations that were made actually with the intent to deceive, or if they were not made with the actual intent to deceive, if they were made honestly, did they increase the risk? Because those are the issues which you are to pass upon.

"There is another provision of the statute, 'Every policy which contains a reference to the application of the insured either as a part of the policy, or as of having any bearing thereon, must have attached thereto a correct copy of the application, and unless so attached the same shall not be considered a part of the policy, or received in evidence.'

"It appears in the case of this policy that the entire application was not annexed to the policy. It is stated in the examination before the physician. 'In continuation of and forming a part of my application for insurance to the Union Mutual Life Insurance.' That was not attached to the policy, and if that had been a Massachusetts policy, if the contract had been executed in Massachusetts, it would not under our statute have

been possible for the defendant to have made this defense.    But it is possible because this is a Maine contract.

"The defendant company was a Maine corporation.    Its principal place of business was in the State of Maine in the city of Portland, and the contract was effected in Maine, and that being the fact, it being a Maine contract without the jurisdiction of this court, under our statute as it has been construed by our court, it does not apply to a case like this.

"Now, I have ruled that this application was a part of the application.    It is in.    You have it before you.    You have it with what purports to be the signature of Michael H. Sullivan, and the questions for you to pass upon are whether there were misrepresentations made here, and if there were misrepresentations, whether those misrepresentations were made, in the language of the statute, with the actual intent to deceive, or did the matter misrepresented, or made a warranty, increase the risk of the loss."

After dealing with a question in regard to the identity of the insured, the judge continued as follows : " But if you find that it was the same identical person, that the Michael H. Sullivan whom this plaintiff represents was the man who was actually insured, then you come to the other question, and that is whether or not misrepresentations were made, and if misrepresentations were made were they made either with the actual intent to deceive, or did they increase the risk which was taken by the company."

At the end of the charge the defendant, in the language of the bill of exceptions, " saved its exception to the second paragraph of the charge as above quoted, and to what the court said about the first clause in the policy being absolutely void, stating its claim that the policy is void only so far as fraud is concerned, meaning that the policy is incontestable for every reason except fraud, whereupon the court stated to counsel that for the purposes of this case he would give that instruction, and said to the jury, ' It is incontestable, except as to fraud.'    The court declined to give further instruction to the jury on this subject, and saved the defendant's exception."

At the conclusion of his charge the judge gave the following instructions as having been requested by the plaintiff :

" The plaintiff is entitled to recover unless the defendant satisfied the jury by a fair preponderance of the evidence that the policy was obtained by misrepresentations which either increased the risk of loss, or were made with the actual intent to deceive.

" If the insured without intent to deceive the company misrepresented certain facts that would not avoid the policy unless they increased the risk.

" Unless the jury find that Sullivan intended to deceive, and misrepresented facts which materially increased the risk under the policy, the plaintiff is entitled to recover."

It is the last sentence above quoted which is referred to in the opinion as containing the word " and " used inadvertently for the word " or." The defendant excepted to the giving of these rulings requested by the plaintiff and also excepted " to what the court said to the jury in relation to increase of risk."

*A. S. Phillips*, for the defendant.

*J. M. Morton, Jr.*, for the plaintiff.

KNOWLTON, C. J. The questions that are now material under the defendant's bill of exceptions are few, and by no means difficult. The policy contains this clause : " This policy is incontestable from date of issue for any cause, except non-payment of premium." In the former decision upon the report in this case, which may be found in 189 Mass. 555, it was held that this provision does not preclude the defendant from showing that the contract of insurance was procured by fraud of the insured.

At the last trial the judge ruled, at the request of the defendant, for the purposes of the trial, that the policy is incontestable except for fraud. The defendant cannot complain of this ruling, which was in accordance with its theory of the case. In this view of the law the only defense open was fraud, and the possibility of innocent false representations of the assured as to matters material to the risk was not properly a subject for the consideration of the jury. Repeatedly in the charge the jury were told that, if the plaintiff's intestate, to procure the policy, made representations to the defendant with intent to deceive, it would preclude recovery. With this the judge coupled, as an alternative that would also preclude recovery, a possible finding that, without intent to deceive, he made misrepresentations as to a matter which increased the risk of loss. Upon the construction

given to the above quoted clause, at the request of the defendant, this latter instruction was too favorable to the defendant. Nothing less than actual fraud was open as a defense. If the clause had been given the construction to which the judge was at first inclined, namely, that it was wholly void, a different question would have arisen.

In one part of the charge the judge, apparently by inadvertence, used the word " and " instead of " or " between these two propositions that may be relied on to avoid a policy, as they are stated in the R. L. c. 118, § 21 ; but his repeated use of the word " or " in the same connection in other parts of his charge, was such as must have given the jury a correct understanding of the case upon the instructions taken as a whole.

The judge told the jury that " the contract was effected in Maine," and held that it was governed by the laws of that State. There was evidence tending to show that the policy was delivered and the premium paid in Fall River in this State, and by its terms it was not to take effect until the premium was paid. If, as seems probable, it was a Massachusetts contract, the rights of the parties are to be determined by the laws of this Commonwealth. No exception was taken to the judge's ruling on this point, and it does not appear that there was any difference of opinion between the parties at the trial in regard to it.

If it was a Maine contract, the defense of fraud of the insured in procuring it was open, and the instructions were sufficiently favorable to the defendant. As no evidence was introduced in regard to the laws of Maine, we assume that the common law there is the same as in Massachusetts.

If it was a Massachusetts contract the result would be the same, and if the quoted clause were to be held void, the provisions of the R. L. c. 118, § 21, would be applicable as they were given to the jury in the charge of the judge.

If it was a Maine contract and the R. L. c. 118, § 73, which requires a copy of the application to be annexed to the policy, was not applicable, this part of the instructions of the judge was correct. If it was a Massachusetts contract and the paper relied on by the defendant was a part of the application which could not be put in evidence because not annexed to the policy, the rulings at the trial were too favorable to the defendant.

The question to the physician was rightly excluded. While he was an expert in matters pertaining to his profession, it does not appear that he was an expert in the business of insurance, so that he could tell in reference to different physical conditions, when a man would be insurable.

In no possible view of the law was the defendant prejudiced by any error at the trial.

*Exceptions overruled.*